IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

EDNA JUNE KEATLEY,

        Plaintiff,

v.                                        CIVIL ACTION NO.   5:15-cv-12290

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Proposed Findings and Recommendation* (PF&R) (Document 14) filed in the above-styled action by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, the *Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommendation* (Document 15), the Defendant's *Memorandum in Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation* (Document 16), and the *Plaintiff's Memorandum in Support of Judgment on the Pleadings* (Document 11).  For the reasons set forth herein, the Court finds that the Magistrate Judge's PF&R should be adopted, and the Plaintiff's objections overruled.

**PROCEDURAL HISTORY**

The Plaintiff, Edna June Kealey, (hereinafter referred to as the "Claimant"), applied for Supplementary Security Income (SSI) on August 31, 2011.  She alleged disability beginning on February 1, 2009, based on peripheral vascular disease, hypertension, heart problems, and bone spurs.  The claim was denied initially and, again, upon reconsideration.  On April 13, 2012,

Claimant requested a hearing before an Administrative Law Judge (ALJ). That hearing was held on June 6, 2013, before the Honorable Sabrina M. Tilley. Judge Tilley held a supplemental hearing on January 17, 2014. On March 21, 2014, the ALJ determined that the Claimant was not entitled to SSI benefits. On July 21, 2014, the Appeals Council denied the Claimant's request for review. On August 14, 2015, the Plaintiff filed her *Complaint* (Document 1), seeking judicial review of the ALJ's decision, pursuant to 42 U.S.C. §405(g). By standing order, the complaint was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge for the Southern District of West Virginia. The Magistrate Judge issued his PF&R on July 12, 2016, the Plaintiff filed objections on July 19, 2016, and the United States filed its response on July 28, 2016. The Plaintiff's objections are, therefore, ripe for review by the Court.

## APPLICABLE LAW

Disability under the SSA is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration utilizes a five-step sequential inquiry to determine eligibility for social security disability benefits. If a claimant is determined not to be disabled at one step, the evaluation does not proceed to the next step. *See Johnson v. Barnhart*, 434 F.3d 650, 653-54 (4th Cir. 2005)). The Fourth Circuit has summarized the five-step process as follows:

> the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her

2

>past work given the limitations caused by her medical impairments;
>and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). "If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity, which is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work." (citing 20 C.F.R. § 416.945(a)(1)). *Id.* at 635. If the claimant is able to perform his or her past work, the ALJ can find the claimant not to be disabled. *Id.* If the claimant is not able to perform his or her past work, the ALJ proceeds to step five, where "the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Id.* (citing 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429).

## STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to conduct a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Conversely, a district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006). A district court's

authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed. *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the [magistrate judge's] report if it contained an error of law apparent on its face."). As such, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Running parallel with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges. *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683.

Section 405(g) of the SSA provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)). In making its determination, the Court must look to "the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971). When the Commissioner's decision clearly disregards the overwhelming weight of the evidence, the Court may modify or reverse the decision. *Id.*

**DISCUSSION**

In her objections, the Claimant makes two arguments. The Claimant first argues that the Magistrate Judge failed to "adequately" assess whether the ALJ neglected to consider the Claimant's "moderate difficulties in concentration, persistence, [and] pace." (Pl.'s Objections, at 1.) The Claimant then argues that the Magistrate Judge failed to "consider whether the ALJ applied the appropriate preferential legal standard" in finding that a treating source opinion was entitled to "no weight." (*Id.*)

The Court must first determine if *de novo* review is appropriate in assessing these objections. The United States notes that where a plaintiff merely "rehashes" arguments made to, and rejected by, a Magistrate Judge, the Court "need not conduct *de novo* review of the objections." (Def.'s Response, at 1, quoting *Smith v. City of N. Charleston*, 401 F.Supp. 2d 230, 533 (D.S.C. 2005).) In her submission to the Magistrate Judge, the Plaintiff argued (1) that the "ALJ failed to include limitations in her residual functional capacity … assessment and controlling hypothetical question to account for the moderate difficulties in concentration, persistence, or pace she found," and (2) that the ALJ "failed to evaluate the opinions of Keatley's treating physician in accordance with the regulatory factors." (Pl.'s Mem. in Support of Judg. on Pleadings, at 1.)

In *Smith*, the Court found that de novo review was not required where the plaintiff "cut and pasted" a significant portion of her objections from her prior submissions to the Court, and did not "cite specific conclusions" of the Magistrate Judge that "[were] erroneous." *Smith*, 401 F.Supp. 2d at 533. The Claimant's objections are, in many ways, the mirror-image of her arguments to the Magistrate Judge. However, unlike the plaintiff in *Smith*, the Claimant in this case points to specific failings by the Magistrate Judge. The Claimant's objections are also neither a

5

"summary," nor a "direct copy," of the memorandum submitted to the Magistrate Judge. *See Nichols v. Colvin*, 100 F.Supp.3d 487, 499 (E.D.Va. 2015) (finding *de novo* review unnecessary where Plaintiff merely objected to findings of Magistrate Judge, by rehashing, and directly copying from, arguments made on summary judgment.) Further, the Claimant in this case has not "ask[ed] the Court to review the case as a whole." *Nichols*, 100 F.Supp.3d at 499. As a result, the Court finds that *de novo* review of the Claimant's objections is appropriate.

### A) The ALJ's Assessment of the Claimant's Difficulties in Concentration, Persistence, and Pace

The next issue is whether the Magistrate Judge properly assessed the Claimant's concerns about the ALJ's RFC assessment. In her briefings to the Magistrate Judge, the Claimant noted that "the ALJ found at step three of the sequential evaluation process" that the Claimant's "mental impairments resulted in moderate difficulties in maintaining concentration, persistence, or pace." (Pl.'s Mem. in Supp. of Mot. for Judg. on Pleadings, at 9.) The Claimant further noted that "in her RFC, the [only limitations attributed to the Claimant by the ALJ]" based on this limitation were "simple tasks, simple work-related decisions, and occasional changes in the work routine." (*Id.*) The Claimant then argued that these limitations were "not sufficient to accommodate a moderate difficulty in maintaining concentration, persistence, or pace …" In other words, the Claimant argues that the ALJ's assessment of the Claimant's RFC did not fully reflect the severity of the Claimant's mental impairments, as found by the ALJ during the sequential evaluation process. The Claimant concluded this argument by suggesting that under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the ALJ improperly limited her hypothetical questions about the Plaintiff, directed to a vocational expert (VE), to those involving simple, routine tasks. (*Id.* at 9-10, citing *Mascio*, 780 F.3d at 638.) As a result, the Claimant contends that the VE's testimony was

6

"unreliable," that the ALJ was not entitled to rely on the VE's answers, and that the ALJ's finding, that the Claimant could perform work, lacked substantial evidentiary support. *Id*. at 10-11.

The Magistrate Judge reviewed the Claimant's contention, and found that the ALJ properly assessed the Claimant's condition. (PF&R, at 12.) The Magistrate Judge first reviewed the relevant law, and noted that under Social Security Ruling 96-8p, 1996 WL 374184, at *1 (July 2, 1996) (SSR 96-8p), an RFC assessment requires consideration of all the relevant evidence on the record, and a "function-by-function" analysis based upon all relevant evidence of the claimant's ability to perform "work-related activities." (PF&R, at 9, citing SSR 96-8p, at *3.) The Magistrate Judge noted that the purpose of the RFC was to allow the ALJ to "determine whether a claimant is capable of performing past relevant work, the appropriate exertional level for the claimant, and whether the claimant is 'capable of doing the full range of work contemplated by the exertional level.'" (*Id.* at 9-10, citing SSR 96-8p, at *3.) The Magistrate Judge then noted that in determining an RFC, the ALJ must "include a narrative discussion" about how the evidence supports each conclusion, "citing specific medical facts" and "nonmedical evidence." (*Id.* at 10, citing SSR 96-8p, at *7.) The Magistrate Judge reviewed *Mascio*, and found the Fourth Circuit required that the RFC assessment "first identify the individual's functional limitations … and assess … her work-related abilities on a function-by-function basis," then express the RFC "in terms of the exertional levels of work," along with a narrative showing "how the evidence supports each conclusion." (*Id.* quoting *Mascio*, 780 F.3d at 636.) Finally, the Magistrate Judge noted the Fourth Circuit's warning in *Mascio* that "remand may be appropriate … where an ALJ fails to assess … capacity to perform relevant functions, despite contradictory evidence in the record …" (*Id.* quoting *Mascio*, 780 F.3d at 636) (citations omitted).

7

Applying the law to the ALJ's decision, the Magistrate Judge found that the ALJ had complied with SSR 96-8p and *Mascio*. The Magistrate Judge began with the ALJ's finding, in steps two and three of the sequential analysis, that the Claimant had some mild restrictions in her daily activities, some moderate limitations in maintaining "social functioning, concentration, persistence, or pace," and "no episodes of decompensation." (*Id.* at 11.) Specifically, the Magistrate Judge reviewed the ALJ's finding that the Claimant was unable to "pay attention very long," had to "re-read instructions to understand them," had "difficulty finishing tasks," and "difficulty following spoken instructions due to poor memory." (*Id.*) The Magistrate Judge then noted the ALJ's reliance on a July 2013 consultative examination of the Claimant, which found that she had "normal concentration, persistence, or pace," and a similar examination in August of 2013 which found that "Claimant was able to follow instructions without difficulty." (*Id.*)

Reviewing the questions asked by the ALJ to the VE, the Magistrate Judge noted that the ALJ asked a hypothetical question to the VE about an individual who was "limited to simple tasks, can respond appropriately to occasional interaction with coworkers …, can make simple work related decisions, and make adjustments to occasional changes in the work routine."[1] (*Id.*) The VE responded that such an individual was "able to perform unskilled work at a light level of exertion." (*Id.*) The Magistrate Judge found the ALJ had complied with *Mascio*, and "accounted for Claimant's limitations in maintaining concentration, persistence, or pace" in her questions to the VE. (*Id.* at 12.) Thus, the Magistrate Judge determined that the ALJ was correct in assessing

---

[1] The Magistrate Judge noted that in *Mascio*, the Fourth Circuit reasoned that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical questions to simple, routine tasks or unskilled work," and that "the ability to perform simple tasks differs from the ability to stay on task … [o]nly the latter limitation would account for a claimant's limitations in maintaining concentration, persistence, or pace." *Mascio*, 780 F.3d at 638.

8

an RFC that "included the same mental limitations posed to the VE," and finding that the "Claimant was capable of performing simple tasks, responding appropriately to occasional interaction with others, making simple work-related decisions, and making an adjustment to occasional changes in the work setting." (*Id.*)

In her objection, the Claimant argues that the Magistrate Judge failed to properly evaluate her argument. More specifically, the Claimant argues that the "controlling hypothetical" used by the ALJ in developing the Claimant's RFC "did not include adequate limitations to account for the moderate difficulties in concentration, persistence, or pace that the ALJ found [the Claimant] to have." (Pl.'s Objections, at 2.) The Claimant then argues that under *Mascio*, the ALJ is required to "either (1) include a limitation for concentration, persistence, and pace in the hypothetical [to the VE] or (2) explain in the RFC assessment why this limitation was unnecessary." (*Id.* at 2-3, citing *Mascio*, 780 F.3d at 638.) Because the "ALJ … did neither," the Claimant argues that "it is not possible for [the Court] to review the ALJ's decision that [the Claimant] is not disabled." (*Id.* at 3, citing *Jackson v. Colvin*, 2015 U.S. Dist. LEXIS 133153, at *14 (S.D.W.Va. Sept. 30, 2015).)

Both the Magistrate Judge and the Claimant rely on *Mascio*. The Court will begin by reviewing that case. In *Mascio*, the Fourth Circuit reviewed the district court's denial of the plaintiff's application for social security benefits. *Mascio*, 780 F.3d at 632. The ALJ in the case, in conducting the sequential analysis of the plaintiff's claim, found that while the plaintiff had four severe impairments, including adjustment disorder and a history of substance abuse, those impairments did not meet or equal any of the listed impairments, and that the plaintiff had the RFC to perform "light work." *Id.* at 635. While the ALJ found that the plaintiff could not perform

9

past work based on her RFC, he nonetheless found that she could perform other work, and was not disabled. *Id*. On appeal, the plaintiff argued that the ALJ erred by failing to present a legally sufficient hypothetical to the VE.[2] *Id*. at 637. The ALJ asked questions about jobs for a person of the plaintiff's "age, education and work experience," but no questions which, in any way, related to the plaintiff's "mental limitations." *Id*. at 638. The VE responded that "there were unskilled, light work jobs" for a person with the plaintiff's limitations. *Id*. The hypothetical matched the ALJ's finding of the plaintiff's RFC. *Id*.

On appeal, the plaintiff argued that the ALJ failed to account for a relevant factor in assessing her RFC: her mental limitations, and her limitations in "concentration, persistence, and pace as a side effect of her pain medications." *Id*. The United States, by contrast, argued that the ALJ was justified in excluding limitations on concentration, persistence, and pace, because the ALJ disbelieved the plaintiff's need for the pain medication, based upon a conviction for selling her medication, and did not believe the plaintiff suffered fatigue, because she never sought treatment. *Id*. The Fourth Circuit found that the plaintiff was correct, because the United States had misstated the findings of the ALJ regarding the plaintiff's credibility. *Id*. More significantly for purposes of this case, the Fourth Circuit also held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*., quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). The Fourth Circuit agreed with the plaintiff that "the ability to perform simple tasks differs from the ability to stay on task," and that "only [the ability to stay on task] would account for a claimant's limitation in concentration, persistence, or pace."

---

[2] The Mascio decision identified three separate errors by the ALJ, each requiring remand. As only one error is relevant to this case, the Court will not address the additional holdings in the *Mascio* decision.

*Id*. However, the Fourth Circuit also noted that omitting such questions could be justified, provided that the ALJ demonstrated, in the decision, why a "moderate limitation in concentration, persistence, or pace" identified at step three of the sequential analysis did not "affect" the plaintiff's "ability to work." *Id*.

The Court finds that the ALJ complied with the requirements of *Mascio*. *Mascio* specifically instructs the ALJ, in posing hypotheticals to a VE, to incorporate mental limitations related to concentration, persistence, or pace in the hypothetical, where the ALJ has found such limitations during the sequential analysis, and are supported by evidence on the record. Here, the ALJ found, at steps two and three of the sequential analysis, that the Claimant had moderate limitations in maintaining social functioning, concentration, persistence, or pace. (PF&R, at 11; *see also* ALJ Decision, at 8) (Document 9-2). The ALJ's hypothetical questions in no way incorporated these mental limitations. Instead, the ALJ proffered the following hypothetical:

> Consider an individual … [who is] limited to simple tasks, can respond appropriately to occasional interaction with coworkers, supervisors, and the general public, can make simple work related decisions, and make adjustments to occasional changes in the work routine. Can such an individual do any work that exists in significant numbers in the national economy and regional [economy]?

(Hearing Tr., at 19) (Document 9). Nowhere does that hypothetical incorporate any limitations in concentration, persistence, or pace. Notably, the VE attempted to clarify the hypothetical, by asking "So two hours, the two hours that [the Claimant is] walking, am I to assume that they are still on task while they're walking?" (*Id*.) The ALJ responded "Yes, let's assume that for now." (*Id*.) Thus, nowhere in her hypotheticals to the VE did the ALJ in any way incorporate the mental limitations related to concentration, persistence, or pace. Instead, her hypothetical only described

11

a worker limited to "simple tasks." As *Mascio* notes, "the ability to perform simple tasks differs from the ability to stay on task." *Mascio*, 780 F.3d at 638.

However, remand is not required, because the ALJ provided a fulsome explanation in her decision as to why the Claimant's purported limitations in concentration, persistence, or pace did not affect her ability to work. In *Mascio*, the Fourth Circuit noted that "it [would be] appropriate to exclude [questions about concentration, persistence, or pace] from the hypothetical tendered to the [VE]" if the ALJ found that the limitations do not "affect [the Claimant's] ability to work." *Id*. The Fourth Circuit remanded because the "ALJ … gave no explanation." *Id*. Here, the ALJ provides a thorough explanation for why, in her opinion, the Claimant's purported limitations did not affect her ability to work:

> The [c]laimant is still able to watch television, do laundry, perform household chores, care for her personal needs, assist her husband with the cooking, use the vacuum, read, swim, walk to her mailbox, water and 'dead-head' her flowers, shop for groceries and gifts, play Yahtzee, go to the mall, talk on the telephone, receive visits from family members, attend doctors' appointments, drive, pay bills, handle a savings account, and use a checkbook/money orders. In consideration, the [c]laimant appears to be adequately functional in the performance of routine daily tasks and thus is not precluded from competitive work activity.

(Hearing Tr., at 12.) The ALJ based this conclusion on an exhaustive survey of the evidence on the record in the case. Thus, the ALJ was justified in omitting questions related to the Claimant's limitations in concentration, persistence, or pace from the hypothetical posed to the VE based on substantial evidence in the record. As a result, the Claimant's objection must be overruled.

### B) *The ALJ's Review of the Treating Source Opinion*

The final issue for the Court is whether the Magistrate Judge properly evaluated the decision of the ALJ to give no weight to the testimony of Dr. Meshel, the Claimant's treating physician. The Claimant argues that both the ALJ and the Magistrate Judge erred in "not

12

recognizing that Dr. Meshel's opinion as a treating physician was entitled to preferential treatment …" (Pl.'s Objections, at 4.) The Claimant states that while the Magistrate Judge "provided a recitation of the applicable law" regarding the weight given by an ALJ to a treating source opinion, the Magistrate Judge "failed to consider whether the ALJ actually followed those dictates" and applied the "deference to treating source opinions" standard. (*Id*.) The Claimant then asserts that "[a]s explained in [the Claimant's] initial brief, the ALJ's stated reasons, for giving Dr. Meshel's treating source opinion "no weight," were not "good reasons," and that the "ALJ's analysis of Dr. Meshel's treating source opinion represents a foundational error that renders her decision without the support of substantial evidence." (*Id*. at 5.)

As the Claimant noted, the Magistrate Judge provided a comprehensive and accurate review of the law governing the weight accorded to a treating physician's opinion. The Court will provide a concise summary for purposes of clarity. Every medical opinion received by an ALJ must be considered in accordance with the factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d). These factors include: (1) the length of the treatment relationship and frequency of evaluation, (2) the nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. These sections counsel that more weight is to be given to an examiner than to a non-examiner, and that more weight will be given to treating sources than non-treating sources. *See* 20 C.F.R. §§ 404.1527(d)(1), (2); 20 C.F.R. §§ 416.927(d)(1), (2).

In evaluating the opinions of treating sources, more weight is generally given to the opinion of a treating physician, based on the ability to provide a "detailed, longitudinal picture" of the alleged disability. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, the opinion of a

13

treating physician will only receive controlling weight if the opinion is "(1) supported by clinical and laboratory diagnostic techniques, and (2) … is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F.Supp. 53, 55 (W.D.Va. 1996); *see also* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must review, analyze, and weigh all of the evidence on the record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6).

  In this case, the ALJ conducted a comprehensive review of the Claimant's medical history. As part of that review, the ALJ noted that the Claimant began treatment with Dr. Meshel, a cardiologist, in 2009. (ALJ Opinion, at 10.) Dr. Meshel determined that the Claimant suffered from a cardiac classification of "III to IV," and that the Claimant was "incapable of engaging in employment on a full-time basis at any level of exertion." (*Id*. at 13.) Reviewing the record, it is clear that the ALJ carefully considered Dr. Meshel's opinion about the Claimant's condition, and properly decided to give the opinion no weight. (*Id*.) The ALJ found that Dr. Meshel's diagnosis of the Claimant's cardiac-related conditions was "not shown in the record" and "inconsistent with the [C]laimant's reported activities and the physical findings on examination." (*Id*.) The ALJ carefully scrutinized the opinions offered by six other medical experts, including four physicians and a clinical psychologist, along with the Claimant's testimony and her medical records, and assessed that evidence in light of the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6). Based on this review, the ALJ determined that the Claimant was not disabled. (*See* ALJ Decision, at 10-13.) In short, the ALJ complied precisely with her obligations under the relevant federal regulations and Fourth Circuit precedent, and the Magistrate Judge's decision

to uphold this finding was supported by substantial evidence. The Claimant's objection must be overruled.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 14) be **ADOPTED** and that the *Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommendation* (Document 15) be **OVERRULED.** The Court further **ORDERS** that the decision of the Administrative Law Judge be **AFFIRMED** and that this matter be **DISMISSED** from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 31, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA